IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DEMETRICE MICHAEL LAWSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL No: 3:13-CV-0055-CAR-CHW |
| | : | |
| DONALD NEWELL and WALTON COUNTY JAIL, | : | |
| | : | |
| Defendants | : | |

## ORDER

Plaintiff Demetrice Michael Lawson, a prisoner currently confined at the Walton County Jail in Monroe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an order dated June 7, 2013, the United States Magistrate Judge granted Plaintiff's Motion to Proceed *in forma pauperis*, but required that Plaintiff pay a partial initial filing fee of $4.06. In the same order, the Magistrate Judge also directed Plaintiff to supplement his Complaint with additional details about the event giving rise to this claim.

The time for complying with the June 7, 2013, order has now expired, and Plaintiff only partially complied. Though Plaintiff filed a supplement to his Complaint, he has failed to pay the $4.06 filing fee. Plaintiff's failure to pay the required fee without

explanation is grounds for dismissal. However, even if Plaintiff had paid the required fee, the Court finds that his Complaint must be dismissed, pursuant to 28 U.S.C. §1915A, for failure to state a claim.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. 28 U.S.C. § 1915A. In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, either (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. §1915A(b)(1). See also 28 U.S.C. §1915(e) (requiring the same when a plaintiff is proceeding in forma pauperis).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts that create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

In this case, Plaintiff's Complaint (ECF No. 1) and Supplement (ECF No. 7) allege that Defendant Donald Newell grabbed Plaintiff around his neck while he was in shackles and pushed him down on "a hard wooden bench" and "against the wall." Plaintiff claims that he has since suffered some back and neck pain. Based on these allegations, the Court presumes that Plaintiff is attempting to state an Eighth Amendment claim for use of excessive force. To state this claim, a plaintiff must allege (1) conduct by the defendant that was objectively "harmful enough" to establish a constitutional violation and (2) facts suggesting that that the defendant "act[ed] with a sufficiently culpable state of mind," i.e., that he acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Plaintiff has not made sufficient factual allegations in his Complaint satisfy these

requirements. Though Plaintiff alleged that Defendant Newell grabbed him around the neck and shoved him onto a wooden bench, such allegations do not describe conduct that is objectively "harmful enough" to violate the constitution. Such conduct may be unprofessional or seem unnecessary; however, it is well-settled that "[n]ot every push or shove, even if it may later seem unnecessary . . . , violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973), cited with approval in Hudson, 503 U.S. at 9. An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)); Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (explaining that the application of *de minimis* force does not support a claim for excessive force). "[T]he application of *de minimis* force, without more, will not support an excessive force claim." Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000).

Here, Plaintiff has described a "*de minimis* use[ ] of physical force;" his allegations do not allege conduct by Defendant which is "of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9 10; see also Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993) (finding force to be *de minimis* when plaintiff was pushed into a wall), modified 14 F.3d 583 (11th Cir. 1994); Warren v. Westchester County Jail, 106 F. Supp.2d 559, 569-70 (S.D.N.Y.2000) (finding *de minimis* use of force where inmate was

4

punched in the face, resulting only in scratches and a cut); Sprau v. Coughlin, 997 F. Supp. 390, 394 (W.D.N.Y. 1998) (finding *de minimis* use of force where inmate was grabbed from behind the neck and hit several times across the neck, face and eye, resulting in a small bump under inmate's eye); Crow v. Leach, No. C–93–20199 WAI, 1995 WL 456357 at *3 (N.D. Cal. July 28, 1995) (corrections officer's pushing inmate into chair causing his shoulder to break window behind him was *de minimis* force).   The fact that Plaintiff has not alleged that he required medical care immediately after the incident supports this finding. Gold v. City of Miami, 121 F.3d 1442, 1446 (11th Cir. 1997) (the minor nature of an injury reflects that only minimal force was used).

Plaintiff has likewise failed to allege sufficient facts to demonstrate that Defendant Nelms "act[ed] with a sufficiently culpable state of mind," i.e., that he acted "maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7- 8.   Plaintiff only alleges that he was shackled when grabbed and shoved.  He does not allege to have been compliant at the time of the incident or allege facts suggesting that the use of force was otherwise unwarranted.

For these reasons, Plaintiff has failed to state an Eighth Amendment claim against Defendant Newell; and because a county jail is not an entity that can be sued under §1983, any claims against Defendant Walton County Jail must also fail.   Jones v. Irwin County Jail, 2009 WL 5108233 * 2 (M.D.Ga. Dec. 17, 2009); see also, e.g., Waller v. Horn,

No. 5:06-CV-114, 2006 WL 1582413 at *2 (M.D. Ga. June 6, 2006) (finding that the Putnam County Jail is a nonsuable entity for §1983 purposes); Ansley v. Franks, No. CV410–176, 2010 WL 4007626 *2 n.2 (S.D. Ga. Aug. 30, 2010) ("the jail has no independent legal existence and is therefore not an entity that is subject to suit under §1983").

The present Complaint is accordingly **DISMISSED** *without prejudice*, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

The dismissal of this Complaint does not relieve Plaintiff of his obligation to pay the full filing fee.  Plaintiff is still obligated to eventually pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).  It is hereby **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).   The Clerk shall thus forward a copy of this Order to the warden and/or business manager of the institution in which Plaintiff is currently confined.

Filing fees paid are not refundable, regardless of the outcome of Plaintiff's case. Therefore it is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding

the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.   In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full.   If Plaintiff is released from custody and fails to remit payments, collection of any balance due will be authorized by any means permitted by law.

        **SO ORDERED**, this 26th day of July, 2013.

                      S/   C. Ashley Royal
                      C. ASHLEY ROYAL, JUDGE
                      UNITED STATES DISTRICT COURT

jlr